### KING & AL. vs. HAVARD.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The petition states that Garriot hav-

A debtor cannot be compelled to pay several transferees to whom the creditor may have assigned separate portions of the debt.

Vol. V N. S.    25

ing obtained a judgment against the defendants, for $800 and interest, assigned $300 of it to Holloway, $150 to the plaintiffs, King and Beatty, and $40 to the plaintiff, Thomas; wherefore judgment is prayed against the defendant in favor of Beatty and King for $450, they alleging themselves to be the transferees of Holloway, and $40 in favor of Thomas.

The defendant pleaded the general issue and the indivisibility of Garriot's claim against him. compensation, &c. The plaintiffs had judgment, and the defendant appealed.

There is evidence, that after the assignment to Holloway, Paull called on the defendant for payment, and he said he would pay, although he would lose so much money, and that he would settle with King & Beatty.

That a debtor cannot be compelled to pay his debt to a number of transferees, among whom it may have suited the convenience of his creditor to distribute it, results from his right to resist his claim for partial payments: for the protection the law affords to the debtor in this respect, if the creditor might do indirectly what he is forbidden to do directly, by

transferring parcels of his claim to sundry persons would be nugatory.

El acreedor no puede pedir, ni cobrar, la deuda en parte, contra la voluntad del deudor. *Cur. Phil. Comm. Terr.* 22.

Le creancier ne peut forcer le debiteur a payer par parties. *Dumoulin, de dividuo et individuo, n.* 6 & 7. 6 *Toullier* 776, 777.

The district court, in our opinion, erred in coercing payment from the defendant by parcels.

As the transfer to Holliday was approved of by the defendant, and he promised to pay, he must be bound by his assent to the severance of the sum transferred to Holliday from the claim of Garriot.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed ; and that there be judgment against the defendant in favor of King and Beattie, for three hundred dollars, with interest from the inception of the suit; and that there be judgment against Thomas. The appellees paying costs in this court, and the defendant below.

*Thomas* for the plaintiff—*Oakley* for the defendant.